(No. 3268—

A. W. ALLEN, M. D., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the stipulation of facts herein it appears:

1. That on June 15th, 1937 one A. M. Porter, a State highway maintenance police officer, sustained accidental injuries which arose out of and in the course of his employment.

2. That upon authorization of his superior officer, the claimant rendered medical and surgical services to said A. M. Porter from June 15th, 1937 to July 9th, 1937.

3. That claimant submitted to the respondent two bills for the services rendered by him as aforesaid, one bill covering the period from June 15th, 1937 to June 23d, 1937, both dates inclusive, and the other bill covering the period from June 24th, 1937 to July 9th, 1937, both dates inclusive.

4. That the first bill was duly paid, and the second bill was returned to claimant with the suggestion that a bill be rendered for the period from June 24th, 1937 to June 30th, 1937, both inclusive, and a separate bill for the period from July 1st, 1937 to July 9th, 1937, both inclusive, as the same were required to be paid from different biennium appropriations, to-wit, the first from the 59th and the last from the 60th biennium appropriations.

5. By the time separate bills were rendered the 59th biennium appropriation had lapsed.

6. That the services were rendered by claimant as set forth in his statements, and that the charges therefor were the reasonable and customary charges for like services in that vicinity.

7. That claimant was paid for all of the services so rendered by him, except as to the services rendered between June 24th, 1937 and June 30th, 1937, both inclusive, for which there is due and owing to the claimant the sum of Ten Dollars and Fifty Cents ($10.50).

We have repeatedly held that where services have been properly rendered to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable and customary value of the services will be made, where at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165; *Indian Motorcycle Co.* vs. *State,* 9 C. C. R. 526; *Elgin, Joliet & Eastern Ry.* vs. *State,* No. 2164, decided at the January Term, 1938, of this court; *Goodyear Tire & Rubber Co.* vs. *State,* No. 3155, decided at the March Term, 1938, of this court.

The facts in this case bring it within the rule above set forth, and award is therefore entered in favor of the claimant for the sum of Ten Dollars and Fifty Cents ($10.50).